UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RAINNER DANIEL MARQUEZ SILVA,<br><br>Petitioner,<br><br>v.<br><br>SAMUEL OLSON Field Office Director of Chicago, Illinois, Office of Detention and Removal, U.S. Immigrations and Customs Enforcement; U.S. Department of Homeland Security, *et al.*,<br><br>Respondents. | ) | No. 2:26-cv-00535-JRO-MG |

**ORDER DENYING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS**

Rainner Marquez Silva's petition for a writ of habeas corpus seeks his release from the Clay County Jail, where he is detained on behalf of federal immigration authorities. For the reasons explained below, the Court denies the petition without prejudice.

**I. BACKGROUND**

Petitioner is a Venezuelan citizen. He entered the United States without inspection in 2022 and was promptly apprehended by Border Patrol agents. The government initiated a removal proceeding but released Petitioner pursuant to an order of release on recognizance. Dkt. 1 ¶ 33.[1]

---

[1] Respondents have not tendered any administrative records or otherwise opposed the factual assertions in the petition, so the Court accepts them as true.

U.S. Immigration and Customs Enforcement (ICE) officers arrested Petitioner during a regular appointment on July 14, 2026. *Id.* ¶ 34. He has been in ICE custody since his arrest, and he remains confined at the Clay County Jail. He has neither requested nor received an administrative bond hearing.

## II. DISCUSSION

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner argues that his detention violates 8 U.S.C. § 1357(a)(2) because he was arrested without a warrant or probable cause and because he was not likely to escape before a warrant could be obtained. Dkt. 1 ¶¶ 47–48. He further argues that the government has unlawfully classified him as subject to mandatory detention without consideration of bond under 8 U.S.C. § 1225(b)(2)(a), which is a provision of the Immigration and Nationality Act (INA). Petitioner contends that his detention without a bond hearing violates a different provision of the INA, 8 U.S.C. § 1226(a), the Administrative Procedure Act, and the Fifth Amendment's due process clause.

Three days after Petitioner filed his petition, the Seventh Circuit decided *Cirrus Rojas v. Olson*, 183 F.4th 909 (7th Cir. 2026). In *Cirrus Rojas*, the Seventh Circuit held that "[a]liens present in the country without admission and not 'seeking admission' fall under Section 1226, not Section 1225(b)(2)(A), and are eligible for bond hearings subject to the INA's other requirements." *Id.* at 915. The Seventh Circuit further held that the ordinary meaning of "seeking admission" cannot, as a factual matter, describe aliens who "entered the United

States without admission or parole . . . making [them] 'inadmissible'" and, thus, "can only seek to remain in the United States through other forms of relief that are *not* admission." *Id.* at 920.

Respondents state in their answer that "*Cirrus Rojas* resolves the case and controversy of this Petition." Dkt. 8 at 1. "Applying *Cirrus Rojas*, Petitioner's detention is lawful under 8 U.S.C. § 1226, . . . and Petitioner is entitled to a custody redetermination hearing in immigration court." *Id.* at 2. It is thus clear that no party disputes that Petitioner is eligible for a bond hearing.

However, Respondents ask the Court to dismiss this action and direct Petitioner to request a bond hearing through an immigration court rather than grant him relief. *Id.* at 2–3. Petitioner asserts that exhaustion of his administrative remedies should not be required because no statute makes exhaustion obligatory, dkt. 1 ¶¶ 36–37, and because exhaustion "is futile due to the lack of impartiality within the immigration court system," dkt. 10 at 4. More specifically, he argues, "[t]here have been multiple incidents in which immigration judges have failed to conduct a neutral, individualized bond hearing or have incorrectly placed the burden of proof in defiance of habeas court orders." *Id.* at 4.

The "general rule" is that "parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (quoting *McCarthy v. Madigan,* 503 U.S. 140, 144–45 (1992)). Exhaustion is no mere formality.

> Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

*Weinberger v. Salfi*, 422 U.S. 749, 765 (1975). This general rule often applies in immigration matters because "a comprehensive administrative review scheme exists" and, in some cases, exhaustion is mandated by statute. *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002) (citing 8 U.S.C. § 1252(d) and collecting cases).

No statute mandates exhaustion for aliens challenging preliminary custody or bond determinations. *Gonzalez*, 355 F.3d at 1016. Rather, "sound judicial discretion governs." *Id.* (quoting *McCarthy,* 503 U.S. at 144). In exercising its discretion not to enforce the "general rule" of exhaustion, the Seventh Circuit has prescribed consideration of the following individual interests, which are well-recognized in Supreme Court precedent:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Id.* (quoting *Iddir*, 301 F.3d at 498); *accord McCarthy*, 503 U.S. at 146–49 ("This Court's precedents have recognized at least three broad sets of circumstances in which the interests of the individual weigh heavily against requiring administrative exhaustion."). A party seeking to be excused from exhaustion

"need only show that one of the four exceptions outlined above applies." *Iddir*, 301 F.3d at 498.

The Seventh Circuit's directive in *Cirrus Rojas* is clear: Petitioner is entitled to a bond hearing. Respondents acknowledge as much in their response. The Court has no factual or legal basis at this point to conclude that immigration officials will ignore *Cirrus Rojas*'s binding mandate in this district and withhold consideration of bond if Petitioner pursues bond in the immigration court.

Further, Petitioner's citation to a handful of scattered district court decisions falls short of persuading the Court that exhaustion is futile. He offers no reason why he cannot receive a fair bond hearing in the immigration court where his case is proceeding. Additionally, Petitioner's suggestion that the immigration judge will wrongly saddle him with the burden of proof is misplaced, as the Seventh Circuit has not issued a decision on the question of who bears the burden of proof in an administrative bond hearing.

Thus, the Court will require Petitioner to exhaust his administrative remedies before presenting his petition before this Court. *Gonzalez*, 355 F.3d at 1016. The practical difference in outcomes between Petitioner requesting a bond hearing and the Court ordering Respondents to hold such a bond hearing should be negligible. Requiring the exhaustion of administrative remedies should not cause unreasonable delay. The agency is able to provide Section 1226 bond hearings. The request should not be futile given *Cirrus Rojas*'s mandate. And there are no substantial constitutional questions that need to be addressed before Petitioner receives a bond hearing.

Federal courts should "prevent[] premature interference with agency processes, so that the agency may function efficiently." *Weinberger*, 422 U.S. at 765. So, out of "respect for the functions of the other branches," *Webster v. Doe*, 486 U.S. 592, 609 (1988) (Scalia, J., dissenting), the Court defers to the administrative process, especially in this case where "control over matters of immigration is a sovereign prerogative, largely within the control of the executive and the legislature," *Landon v. Plasencia*, 459 U.S. 21, 34 (1982). It is premature to step in now before the agency has had a chance to implement congressional policy, as interpreted by Seventh Circuit precedent, of giving Petitioner a Section 1226 bond hearing.

## III. CONCLUSION

The Court **DENIES** the petition without prejudice because Petitioner Marquez Silva has not exhausted his administrative remedies. If the administrative path proves ineffective to allow Petitioner to receive a bond hearing, he may file a new petition.

The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: 10/1/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

Afshan Jabeen Khan
Law Office of Afshan J Khan
ajkhanesq@gmail.com

Parvinder Kaur Nijjar
DOJ-USAO
parvinder.nijjar@usdoj.gov

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com